The undersigned have reviewed the prior Opinion and Award based upon the proceedings before Deputy Commissioner Mavretic. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or to amend the Opinion and Award of the Deputy Commissioner.
* * * * * * * * * * *
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties at the hearing, in a Form 21 Agreement approved by the Industrial Commission on February 15, 1993, and in a Pre-Trial Agreement dated August 9, 1994, as
STIPULATIONS
1. At the time of the injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between plaintiff and defendant-employer.
3. Aetna Life and Casualty was the compensation carrier on the risk.
4. Plaintiff's average weekly wage was $416.80, yielding a compensation rate of $277.87.
5. Plaintiff's medical records, which were marked as Stipulated Exhibit 1, were stipulated into evidence.
6. Plaintiff's Answers to Interrogatories, which were marked as Stipulated Exhibit 2, were stipulated into evidence.
7. The payment records from the North Carolina Employment Security Commission, which were marked as Stipulated Exhibit 3, were stipulated into evidence.
8. On November 30, 1992, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer.
9. Temporary total disability and temporary partial disability compensation was paid by defendants to plaintiff through December 25, 1993.
RULINGS ON EVIDENTIARY MATTERS
The objections raised by counsel at the deposition of Dr. Gerald Vanden Bosch are ruled upon in accordance with the applicable provisions of the law and the Opinion and Award in this case.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows
FINDINGS OF FACT
1. At the time of the hearing in this matter, plaintiff was thirty-eight years old. She is a high school graduate and is a Licensed Practical Nurse (LPN). She has worked as a nurse for over eighteen years. She began her employment with defendant-employer on June 9, 1992, and worked as a charge nurse.
2. On November 30, 1992, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer in that she sustained a specific traumatic incident of the work assigned. The incident occurred when plaintiff was attempting to move a patient in a wheelchair. As she lifted the back of the wheelchair, she felt a tearing sensation in her lower back. As a result of the compensable injury by accident, plaintiff had lumbar sprain.
3. Plaintiff received conservative treatment from Dr. Alton Anderson and Dr. Daryl Chapman. She worked sporadically for defendant-employer until beginning treatment by Dr. Vanden Bosch, an orthopedic surgeon, in January 1993. Following an MRI, plaintiff was found to have posterior facet syndrome, and Dr. Vanden Bosch referred her for treatment to a chiropractor, Dr. Mark Hooper.
4. As of August 27, 1993, plaintiff was released to return to limited duty work with a lifting restriction of twenty pounds and standing no more than twenty minutes at a time, due to increased complaints of back pain.
5. In August 1993, plaintiff began working for defendant-employer in a part time position as a treatment nurse. The duties involved changing patients' dressings, treating and measuring ulcers and bed sores, and documenting the treatment provided.
6. On December 1, 1993, defendant-employer offered plaintiff a full time position as a treatment nurse which she accepted. Plaintiff experienced increased pain due to the pushing and pulling of the cart, the necessary bending movements required and some limited lifting and turning of patients. Due to the increased pain caused by these activities, plaintiff was unable to keep up with portions of the job duties, and on December 25, 1993, she was discharged for unsatisfactory job performance.
7. As a result of the compensable accident on November 30, 1993, plaintiff has a ten percent permanent functional impairment of her back.
8. Plaintiff has permanent restrictions of no lifting over twenty pounds, no repetitive lifting or bending, and no standing or sitting over twenty minutes.
9. Plaintiff is not able to return to her previous job as a charge nurse, and defendant-employer has not offered plaintiff any work which is within her capacity to earn wages. Plaintiff has not worked since December 25, 1993, but has sought employment through the Employment Security Commission and has received unemployment benefits.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows
CONCLUSIONS OF LAW
1. As a result of the compensable injury by accident on November 30, 1992, plaintiff is disabled from work and is entitled to receive compensation for temporary total disability at the rate of $277.87 from December 26, 1993 and continuing thereafter until defendants obtain permission from the Industrial Commission to cease said payments. N.C. Gen. Stat. § 97-2 (6); N.C. Gen. Stat. § 97-29.
2. Defendants are entitled to a credit for the unemployment benefits paid plaintiff pursuant to Stipulated Exhibit 3. N.C. Gen. Stat. § 97-42.1.
3. Plaintiff is entitled to payment of all medical expenses incurred or to be incurred as a result of her compensable injury on November 30, 1992, for so long as such examinations, evaluations and treatments may reasonably be required to effect a cure, or give relief, and will tend to lessen plaintiff's period of disability, when bills for the same have been submitted pursuant to approved Industrial Commission procedure. N.C. Gen. Stat. § 97-25.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following
AWARD
1. Defendants shall pay plaintiff temporary total disability compensation at the rate of $277.87 per week from December 26, 1993 and continuing thereafter until defendants obtain permission from the Industrial Commission to cease payment of temporary total disability compensation. Amounts which have accrued shall be paid to plaintiff in a lump sum, subject to the attorney's fee approved below.
2. Defendants shall be given a credit for the unemployment benefits paid plaintiff.
3. Defendants shall pay all medical expenses incurred or to be incurred by plaintiff as a result of her compensable injury on November 30, 1992, for so long as such examinations, evaluations and treatments may reasonably be required to effect a cure, or give relief, and will tend to lessen plaintiff's period of disability, when bills for the same have been submitted pursuant to approved Industrial Commission procedure.
4. A reasonable attorney's fee of 25% of the compensation due plaintiff in paragraph one of this Award is approved for plaintiff's counsel and shall be paid as follows: Twenty-five percent (25%) of the lump sum due plaintiff shall be deducted from that sum and paid directly to plaintiff's counsel. Thereafter, every fourth compensation check shall be deducted from the sum due plaintiff and paid directly to her counsel. Consideration and designation of this attorney's fee contemplates that counsel for the plaintiff shall continue and is hereby ORDERED to monitor the submission of medical expenses to defendants.
5. Defendants shall pay the costs.
 S/ _________________ JOHN A. HEDRICK DEPUTY COMMISSIONER
CONCURRING:
S/ _________________ BERNADINE S. BALLANCE COMMISSIONER
S/ _________________ DIANNE C. SELLERS COMMISSIONER